IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, February 4, 2008

# STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES, v. K.B., S.M., and ANY UNKNOWN FATHERS, IN THE MATTER OF: P.B. (dob 5/25/05) A Child Under Eighteen (18) Years of Age

**Direct Appeal from the Juvenile Court for Washington County
No. 32,402     Hon. Sharon M. Green, Judge**

---

**No. E2007-02262-COA-R3-PT  - FILED MARCH 3, 2008**

---

In this parental termination case, the Trial Court terminated the parental rights of the mother, finding that clear and convincing evidence established statutory grounds for termination as provided in Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102(1)(A) and (E).  The Trial Court found there was clear and convincing evidence that it was in the best interest of the minor child to terminate the parental rights of the parent.  The mother has appealed and on appeal we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jerry J. Fabus, Jr., Gray, Tennessee, for appellants.

Robert E. Cooper, Jr., Attorney General and Reporter, and
Scott Edward Schwieger, Assistant Attorney General, Nashville, Tennessee, for appellee.

**OPINION**

On February 27, 2007, petitioner brought this action to terminate the parental rights of K.B. and S.M., and any unknown fathers, with regard to the minor child P.B.

The Petition alleged that the child was found to be dependent and neglected on May 9, 2006, after the child was taken into emergency protective custody on February 14, 2006. Further, that the child was born to K.B. on May 25, 2005, and no father was listed on the birth certificate.

The Petition alleged that K.B's parental rights should be terminated based on abandonment for failure to visit, also the parental rights should be terminated for K.B's failure to provide a suitable home, substantial noncompliance with the permanency plan, and persistent conditions.

A guardian ad litem was appointed and an attorney was appointed to represent K.B.

Following an evidentiary hearing on September 21, 2007, the Court entered a Termination of Parental Rights and Decree of Guardianship, finding by clear and convincing evidence for termination of K.B's parental rights, and that it was in the "overwhelming best interests of the child" to do so. The Court held the child was adjudicated dependent and neglected on May 9, 2006, and that the child had been in foster care continuously since that time.

The court found that K.B's rights should be terminated pursuant to Tenn. Code Ann. §36-1-113(g)(1) and Tenn. Code Ann. §36-1-102(1)(A)(I) and (E). The Court held that K.B had willfully abandoned the child by exercising only token visitation in the 4 months preceding the filing of the Petition, and that she had only visited twice in those 4 months. The Court found that K.B could have visited if she had desired, but failed to maintain contact with the DCS. Further, that the mother had failed to provide a suitable home for the child, and had failed to stay in drug and alcohol treatment, and had failed to complete parenting skills training, made no efforts to improve her home, and demonstrated a lack of concern for the child to such a degree that it was unlikely she would provide a suitable home at an early date. Finally, the Court said that DCS had made numerous efforts to help the mother improve her situation, but she had failed to follow through.

The Court found that DCS had proven persistent conditions, as the child had been in custody for 17 months, and the mother had no stable home and could not properly parent the child, and had incurred additional criminal charges and convictions since the child had been in custody.

The Court found the child had been in care of a maternal great-aunt, and was bonded in that home and his needs were being met, and held that termination was in the child's best interest.

The issues presented for review are:

1. Whether the Trial Court erred in finding that there was clear and convincing evidence that mother abandoned her child due to failure to visit?

2. Whether the Trial Court erred in finding that there was clear and convincing evidence that mother abandoned her child by failing to provide a suitable home?

3. Whether the Trial Court erred in finding that there was clear and convincing evidence that mother was in substantial noncompliance with the permanency plan?

4. Whether the Trial Court erred in finding that there was clear and convincing evidence that the conditions leading to removal still persisted?

5. Whether the Trial Court erred in finding that there was clear and convincing evidence that it was in the best interest of the child to terminate the mother's parental rights?

6. Whether the Trial Court erred in allowing the DCS case manager to testify to the content of a phone call which was hearsay, over the objection of the mother's attorney?

The Court found there was clear and convincing evidence that grounds for termination existed, and specifically grounds existed due to abandonment for failure to visit and failure to provide a suitable home and for failure to comply with the permanency plans. Also, that the conditions that led to the removal still persisted, and there was no likelihood that these conditions would be remedied at an early date. As this Court has recognized:

> Termination of a person's rights as a parent is a grave and final decision, irrevocably altering the lives of the parent and child involved and "severing forever all legal rights and obligations" of the parent. Tenn. Code Ann. § 36-1-113(l )(1). Because of its consequences, which affect fundamental constitutional rights, courts apply a higher standard of proof when adjudicating termination cases. See *O'Daniel v. Messier*, 905 S.W.2d 182, 186 (Tenn. Ct. App.1995). To justify the termination of parental rights, the grounds for termination, and the fact that termination is in the best interests of the child, must be established by clear and convincing evidence. See Tenn. Code Ann. § 36-1-113(c) (Supp.2000); *State Dep't of Human Servs. v. Defriece*, 937 S.W.2d 954, 960 (Tenn. Ct. App.1996). "This heightened standard serves to prevent the unwarranted termination or interference with the biological parents' rights to their children." *In re M.W.A.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998).

> The "clear and convincing evidence" standard defies precise definition.

> While it is more exacting than the preponderance of the evidence standard, it does not require such certainty as the beyond a reasonable doubt standard. Clear and convincing evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established.

_____*O'Daniel*, 905 S.W.2d at 188 (citations omitted).

*Means v. Ashby*, 130 S.W.3d 48, 54-55 (Tenn. Ct. App. 2003).

In this case, clear and convincing evidence established all of the above grounds. The proof was undisputed that the mother had only made two visits with the child in the four months preceding the filing of the petition, and there is no question that this would be token visitation in its most favorable light. The statute defines "token visitation" as meaning that "the visitation, under the circumstances of the individual case, constitutes nothing more than perfunctory visitation or visitation of such an infrequent nature or of such short duration as to merely establish minimal or insubstantial contact with the child". Tenn. Code Ann. §36-1-102. The mother gave no excuse for failing to visit the child, and there was no proof that she was incarcerated for any length of time, or otherwise prevented from doing visitation. Accordingly, abandonment for willful failure to visit was established by clear and convincing evidence. We have previously held that visiting a child no more than once or twice during the requisite four month period is only token visitation. *In re: Audrey S.*, 182 S.W.3d 838, 867 (Tenn. Ct. App. 2005).

Although clear and convincing evidence of any one ground for termination is sufficient, the Trial Court also found that the mother had failed to provide a suitable home, constituting abandonment under Tenn. Code Ann. §36-1-102. This ground was likewise proven by clear and convincing evidence. The proof also showed the mother had not substantially complied with her permanency plans, as the only requirements that she had met were going for certain assessments. The mother did not follow through with parenting classes and/or other mental health treatment, did not obtain steady employment, would not maintain contact with DCS, and made minimal efforts to see the child. Most importantly, the mother had not obtained any type of substance abuse treatment, despite the fact that she continued to test positive for drugs. She admitted that all of the things that had been said about her were true, and did not really dispute any of the substantive proof. For all of these reasons, it is clear that the conditions leading to the child's removal still persisted, and were unlikely to be remedied in the near future. The Trial Court was correct in finding that clear and convincing evidence existed as to all of the grounds it relied upon in terminating the mother's parental rights.

The Trial Court found by clear and convincing evidence that termination of the mother's parental rights was also in the child's best interests. The factors to be considered in this regard are set forth in Tenn. Code Ann. §36-1-113(I). In this case the evidence showed the mother had not made adjustments to make it safe and in the child's best interest to be in her home, and had failed to effect a lasting adjustment after reasonable efforts by social services agencies, such that a lasting adjustment is not reasonably possible. The evidence established the child was very bonded with his foster family, and was healthy and happy in his current placement, and the foster family wished to adopt him.

The Trial Court made specific fact findings and found that clear and convincing evidence existed to show that the best interests of the child would be served by terminating the

mother's parental rights. The evidence supports all of the Trial Court's findings in this regard.

Finally, the mother argues the Trial Court erred in overruling her attorney's objection to the DCS caseworker's testimony regarding what she had been told by a health care provider. The Court admitted the caseworker's notes regarding this conversation under the business records exception. The mother says this was hearsay, however, and should not have been admitted.

Whether or not this information was hearsay, it was clearly harmless. The substance of the conversation was simply to show that the mother did not attend an appointment at the mental health center, and the mother did not dispute this point. Given the undisputed proof which showed that the mother failed to follow through with her mental health treatment, this evidence would not change the outcome of the case in any respect.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to K.B.

_____
HERSCHEL PICKENS FRANKS, P.J.